OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

BRENT MORTIMORE and
FIONA MORTIMORE,
Plaintiffs,

v.

CHARTER TOWNSHIP OF INDEPENDENCE,

CODY SCHANTZ, in his individual and official capacities, and

DAVID MORAN, in his individual and official capacities,
Defendants

Case No.: 26-cv-14268
Honorable _______________

**COMPLAINT**
**JURY DEMANDED**

## COMPLAINT

NOW COME Plaintiffs BRENT MORTIMORE and FIONA MORTIMORE, by counsel, and complain unto the Court as follows:

## INTRODUCTION

1. This action concerns a government inspector’s warrantless investigation of a private residential backyard. Plaintiffs screened that backyard from public observation with their home, attached garage, and privacy fence.

2. Plaintiffs allege at least one township official entered their residential curtilage to conduct a warrantless inspection of their property.

3. When called out for the same, the township took the position (which Plaintiffs believe to be a lie) its inspection trespassed upon the neighbor’s property to conduct the inspection of property.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

4. Under either scenario, the Fourth Amendment was and continues to be violated.

5. Plaintiffs seek federal remedies for the July 30, 2026 search and prospective equitable relief addressing the continuing retention, accessibility, and use of the records, photographs, and materials obtained through that search.

## PARTIES

6. Plaintiff Brent Mortimore is an individual who owns and occupies the residence at 5127 W. Harvard Avenue, Clarkston, Michigan, in the Charter Township of Independence, Oakland County.

7. Plaintiff Fiona Mortimore is an individual who also occupies the residence at 5127 W. Harvard Avenue, Clarkston, Michigan, in the Charter Township of Independence, Oakland County.

8. Defendant Cody Schantz was, at all relevant times, employed by the Charter Township of Independence as an inspector who acted under color of Michigan law and exercised or purported to exercise Township inspection and enforcement authority throughout the conduct alleged here. He is sued in his individual and official capacities.

9. Defendant David Moran was, at all relevant times, employed by the Charter Township of Independence as the Buildings Director who acted under color of Michigan law and exercised or purported authority throughout the conduct alleged here. He is sued in his individual and official capacities.

10. Defendant Charter Township of Independence is a Michigan municipal entity formed under the laws of the State of Michigan

## JURISDICTION AND VENUE

11. This action arises under the Fourth Amendment to the United States Constitution, applicable to state and local officials through the Fourteenth Amendment, and 42 U.S.C. § 1983.

12. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

**13.** Venue is proper in this District.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## FACTUAL ALLEGATIONS

14. The Mortimore Plaintiffs reside at 5127 W. Harvard Avenue as their owner-occupied home within the territorial limits of Independence Township

15. Their backyard contains a concrete patio, a pergola, and a fireplace or firepit used in connection with the residence. The patio area lies behind the attached garage and a privacy fence.

16. Plaintiffs use this area for private residential activities.

17. Its proximity to the home, domestic use, and physical screening make it part of the home's curtilage.

18. The home, attached garage, and fence obstruct the public's ground-level view of the patio and fireplace area and be observed or inspected from the front doorstep of the home.

19. Although a small part of the pergola may be visible from the road, that limited visibility does not expose the entire backyard to public observation.

20. Plaintiffs maintained the fence and residential arrangement to preserve their backyard privacy and expected the screened area to remain free from uninvited government inspection.

21. On July 30, 2026, Defendant Schantz came to the property to investigate whether improvements required permits or complied with applicable requirements.

22. Plaintiffs were not home.

23. No emergency existed and Defendant Schantz did not have a warrant or consent authorizing a search (inspection) of the property.

24. On information and belief, Defendant Schantz approached the front porch. See https://youtu.be/3y20iggr3TY.

25. After leaving the porch, he crossed the driveway and turned toward the private side-yard and backyard-fence area rather than simply returning to his vehicle and leaving. See https://youtu.be/xduGBbDV0qM.




26. A surveillance system recorded Defendant Schantz's movement from the porch across the driveway and toward that area, until he moved beyond that particular camera's field of view.

27. Defendant Schantz deliberately sought a position from which he could inspect and photograph the backyard improvements, however that position was obscured from the street and front doorstep.

28. In getting to that position, Defendant Schantz entered Plaintiffs' side-yard curtilage beyond the route customarily used by visitors approaching or leaving the front door.

29. The purpose in entering that area was to obtain information for code enforcement.

30. After entering the curtilage of Plaintiffs' property, Defendant Schantz observed the patio and fireplace area and obtained photographs during the investigation.

31. The Township's enforcement record states that his July 30 site inspection confirmed a pergola, concrete patio, and gas fireplace[1] installed

[1] The fireplace uses propane; no natural gas line had been installed. The Township's inspection and enforcement records nevertheless



OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

without permits.

32. One of the photographs taken shows that Defendant Schantz was not on the neighbor's property but on Plaintiffs' curtilage when conducting the warrantless inspection—



33. Defendant Schantz's actions violated the Fourth Amendment to the United States Constitution.

34. Thereafter, the Township opened enforcement matter EN260266 and issued a notice dated July 30, 2026, identifying work allegedly performed without required permits.

35. Plaintiffs received the notice by mail in approximately early August 2026.

36. During a subsequent conversation on October 13, 2026, Defendant Schantz told Brent Mortimore that he had seen the patio and fireplace from the front door.

---

characterized the improvement as involving an installed gas line, and Defendant Moran repeated that incorrect assertion in his October 28, 2026 correspondence

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

37. The layout obstructs that view making such statements untrue.

38. Plaintiffs submitted a written grievance concerning the inspection and requested records under the Michigan Freedom of Information Act, which included the production included inspection records and photographs of the backyard area.

39. On October 27, 2026, Defendant David Moran, the Township Building Department Director, responded that he had discussed the incident with Schantz and requested a written statement from him.

40. Defendant Moran reported Defendant Schantz's account as follows: "The employee crossed the driveway and entered the neighboring property to take a limited number of photographs documenting activity on your property."

41. Defendant Moran asserted that stepping onto neighboring property did not violate Plaintiffs' privacy or personal rights and stated that enforcement would continue.

42. Plaintiffs do not believe that Defendant Schantz remained outside their curtilage and assert that Defendant Schantz lied and, based on the evidence, Defendant Moran knew or should have known it was a lie—



OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

43. However, under Rule 8(d), Plaintiffs alternatively allege the following facts if Defendant Schantz obtained his observations from neighboring property rather than from within their curtilage.

44. Under that alternative disputed account, Defendant Schantz intentionally entered private neighboring land to obtain an observation point directed into Plaintiffs' screened backyard.

45. The vantage point was not a public street, sidewalk, public passageway, or other place ordinarily available to the public.

46. On information and belief, Defendant Schantz had no permission from the owner or lawful occupant of that neighboring land to enter or use it for this investigation on July 30, 2026, no warrant authorizing that access, and no other lawful authorization to occupy the vantage observation point.

47. Defendant Schantz used that nonpublic position to obtain a view of Plaintiffs' residential patio and fireplace area that the garage, fence, and configuration of the home prevented from the street and customary front-door approach.

48. Plaintiffs did not expose the screened backyard to ordinary public observation merely because a person could obtain a view by entering private neighboring land and approaching the fence.

49. Under either account, Defendant Schantz's conduct was an intentional investigation of Plaintiffs' residential premises to obtain information, rather than an incidental observation made while passing on a public thoroughfare.

50. The records and materials at issue are the photographs, notes, inspection records, measurements, recordings, electronically stored information, and other catalogued information obtained or generated through the challenged July 30 search, including copies and portions of later records reproducing that information (the "Search Materials"). This term does not encompass independently obtained records merely because they concern the same property.

51. On information and belief, the Search Materials remain in the Township's enforcement file, electronic systems, and departmental custody and remain accessible for inspection, regulatory evaluation, and enforcement.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

52. Defendant Moran's October 28 response rejected Plaintiffs' request to withdraw the enforcement action and expressly directed continued pursuit of compliance.

53. On information and belief, that direction includes continued retention and use of the Search Materials.

54. Plaintiffs challenge that ongoing decision as well as Defendant Schantz's original search.

55. On information and belief, Defendant Moran exercises delegated final policymaking authority for the departmental decision to retain and use these inspection materials in this enforcement matter.

56. Alternatively, his express direction implements a Township policy or practice of retaining inspection photographs and findings in active enforcement files for continuing regulatory use.

57. That ongoing policy or decision is the moving force behind the continued retention and use challenged here.

58. After personally reviewing Plaintiffs' grievance and obtaining Defendant Schantz's account, Defendant Moran expressly rejected the contention that the neighboring-property observation violated Plaintiffs' rights and directed continued enforcement.

59. On information and belief, Defendant Moran personally ratified, directed, and authorized the continued retention, accessibility, and use of the Search Materials with knowledge of how they were improperly obtained.

60. Defendant Moran's alleged liability rests on that affirmative conduct and its resulting continuing injury, not merely his supervisory position or failure to discipline Defendant Schantz.

61. The Township's challenged policy or final policymaking decision is to authorize unlawful warrantless inspections (searches) of the constitutionally protected curtilage area surrounding homes.

62. The other challenged policy or final policymaking decision the retaining and making available for regulatory use of Search Materials obtained through the challenged inspection despite notice of the asserted constitutional defect.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

63. Plaintiffs allege municipal responsibility for that ongoing conduct through Defendant Moran's decision within his delegated final policymaking authority, or alternatively his implementation of the Township's existing records-retention and regulatory-use policy as applied to these materials.

64. The October 28 directive and continued maintenance of the active enforcement file support these allegations.

65. Continued governmental access to and use of the Search Materials perpetuate the invasion of each Plaintiff's privacy in the screened residential backyard.

66. The Township's enforcement records identify an additional follow-up inspection scheduled for November 10, 2026, assign Defendant Schantz to that inspection, and continue to designate enforcement matter EN260266 as an active "SITE VISIT."

67. Thus, the challenged investigation and resulting enforcement activity remain ongoing, with a further scheduled warrantless inspections of Plaintiffs' property specifically scheduled—

**Inspection Information**

| Inspection Type | Inspector | Status | Scheduled Date | Completed Date | Result |
|---|---|---|---|---|---|
| Follow-up | *Not Available* | Completed | 8/10/2026 | 8/12/2026 | No Change |
| Follow-up | *Not Available* | Completed | 8/19/2026 | 8/19/2026 | No Change |
| Follow-up | *Not Available* | Completed | 10/14/2026 | 10/15/2026 | Violation(s) |
| Follow-up | *Not Available* | Completed | 10/28/2026 | 10/28/2026 | No Change |
| Follow-up | *Not Available* | Scheduled | 11/10/2026 | | |

68. Plaintiffs face a present injury from that retention and use, in addition to the threat of another physical entry.

## COUNT I
## FOURTH AMENDMENT VIOLATION
## 42 U.S.C. § 1983
## (AGAINST DEFENDANTS SCHANTZ AND TOWNSHIP)

69. Plaintiffs incorporate the preceding paragraphs herein.

70. Each Plaintiff had a personal Fourth Amendment interest in the home and its curtilage and a reasonable expectation of privacy in the screened backyard area that was searched.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

71. Defendant Schantz conducted a search by physically entering Plaintiffs' protected residential curtilage to obtain information.

72. Any implied invitation to approach the front door did not authorize an investigative detour into the side yard to inspect or photograph the screened and fenced off backyard.

73. Alternatively, even if Defendant Schantz did not enter Plaintiffs' curtilage, he conducted a search by invading Plaintiffs' reasonable expectation of privacy in their screened residential backyard through the intentional acquisition and use of an unauthorized vantage point on private neighboring land.

74. The alternative theory asserts Plaintiffs' own privacy rights in the area inspected and photographed as the non-consensual neighboring entry supplied a nonpublic observation point from which Defendant Schantz overcame the screening protecting Plaintiffs' backyard.

75. Defendants cannot justify the challenged observation as an ordinary public view where obtaining that view only by occupying private land not authorized to be use as an investigative observation post as part of the same information-gathering activity.

76. The search was conducted without a warrant, without Plaintiffs' consent, and without exigent circumstances or another applicable exception to the warrant requirement.

77. Defendant Schantz personally performed the challenged conduct while acting under color of state law and thereby deprived Plaintiffs of their rights under the Fourth Amendment.

78. At the time of the search, clearly established law protected the home and its curtilage against warrantless investigative intrusion beyond the scope of ordinary visitor access and protected reasonable expectations of privacy against unreasonable government searches.

79. Defendant Schantz is not entitled to qualified immunity for the conduct alleged.

80. As a direct and proximate result of Schantz's conduct, Plaintiffs suffered an invasion of the privacy and security of their home, curtilage, and backyard and resulting annoyance, distress, and loss of peace of mind.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

81. Defendant Schantz and the Township deliberately sought access beyond the customary front-door approach to investigate a screened residential area.

82. Defendant Schantz's conduct was willful and wanton and demonstrated reckless or callous indifference to Plaintiffs' federally protected rights.

83. The policies, practices, and customs under which Defendant Schantz acted were the moving force behind the search, for which they are sued in their official capacities. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

84. In the alternative, the injuries deriving from the unlawful actions were caused by a failure to train Defendant Schantz regarding the limits of the Fourth Amendment and the circumstances under which a lawful search/inspection may be conducted and that failure to train amounted to deliberate indifference to the rights of individuals with whom township officials come into contact. *City of Canton v. Harris*, 489 U.S. 378 (1989).

**COUNT II**
**FOURTH AMENDMENT VIOLATION**
**42 U.S.C. § 1983**
**(AGAINST DEFENDANTS MORAN AND TOWNSHIP)**

85. Plaintiffs incorporate the preceding paragraphs herein.

86. Defendant Moran, acting under color of state law, personally participated in the continuing constitutional deprivation by knowingly directing and maintaining the retention and regulatory use of the Search Materials after reviewing the grievance and Schantz's account.

87. Plaintiffs seek damages against Moran for injuries caused by his unlawful own conduct.

88. Plaintiffs seek compensatory and nominal damages from the Township for injury attributable to that policy or decision and prospective relief ending its implementation.

89. The Charter Township of Independence is liable under *Monell* because its policy, as authorized by its final policymaking decision-maker, directly caused and remains the moving force the resulting invasion of

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Plaintiffs' Fourth Amendment rights and remains behind the continuing retention and use of the Search Materials.

90. Defendant Moran's knowing direction to continue retaining and using the Search Materials, after reviewing the grievance and the false account of access to a nonpublic observation point, is alleged to reflect reckless or callous indifference to Plaintiffs' Fourth Amendment rights.

91. Defendant Moran's conduct was willful and wanton and demonstrated reckless or callous indifference to Plaintiffs' federally protected rights.

92. In addition, an award of damages alone cannot restore Plaintiffs' privacy while the government retains the Search Materials for continued access and use.

93. Under either alternative search theory, Plaintiffs seek equitable relief against the Township and Moran in his official capacity to end the ongoing retention and use of the resulting Search Materials.

94. Plaintiffs allege ongoing and irreparable privacy injury, no adequate remedy at law for that injury, and that the balance of equities and public interest favor sequestration and a judicially supervised disposition of materials determined to have been acquired unconstitutionally.

95. An injunction would permit preservation and access strictly necessary for this litigation and any appeal under conditions fixed by the Court, while preventing continued operational use or dissemination of the Search Materials.

## JURY DEMAND

96. A jury is demanded for all triable issues.

## REQUEST FOR RELIEF

97. WHEREFORE, Plaintiffs request judgment against Schantz and Moran in their individual capacities for damages attributable to their respective conduct, against the Charter Township of Independence for damages attributable to its unconstitutional policy or final policymaking decision, and against the Township and Moran in his official capacity for declaratory and injunctive relief:

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

a. Awarding compensatory and/or nominal damages to each Plaintiff in amounts determined at trial;

b. Awarding punitive damages against Defendants Schantz and Moran in their individual capacities to the extent warranted;

c. Declaring that the challenged search violated Plaintiffs' Fourth Amendment rights and that the continuing retention and use of the Search Materials described in this Complaint unlawfully perpetuate that invasion of Plaintiffs' privacy;

d. Issue injunctive relief directing the Charter Township of Independence and its officials to identify, inventory, and sequester all Search Materials within their possession, custody, or control, including originals, duplicates, electronic copies, attachments, database entries, and copies held by departmental personnel or service providers subject to their control and thereafter ordering destruction, deletion, or expungement of the Search Materials and all copies within the enjoined parties' possession, custody, or control, including removal or redaction of portions of derivative records reproducing the unlawfully acquired information.

e. Requiring a sworn inventory and certification of compliance subject to the pains and penalties of contempt;

f. Awarding reasonable attorney fees under 42 U.S.C. § 1988 and taxable costs;

g. Awarding prejudgment and postjudgment interest as permitted by law; and

h. Granting such other relief as the Court deems just and appropriate.

Date: November 9, 2026

RESPECTFULLY SUBMITTED:

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
THOMAS J. LAMBERT (P86348)
Attorneys for Plaintiffs
530 West Saginaw St
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com
tlambert@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com